STATE HIGHWAY COMMISSION *v.* EDWARD E. MORGAN CO., INC.

Division A.   Jan. 2, 1951

No. 37718 (49 So. (2d) 684)

342

**John M. Kuykendall, Jr.,** Assistant Attorney General, for appellant.

344

Harold Cox, for appellee.

McGehee, C. J.

On May 24, 1946, the appellee, Edward E. Morgan Company, Inc., was awarded a contract by the appellant,

State Highway Commission, to build 7.992 miles of road, Project No. F-270(1), as part of Denton-Marks Highway in Quitman County, for the contract price of $219,818.96, on a unit basis. The contractor admittedly earned the sum of $207,148.49 under the contract by reason of the amount of work performed. The defendant, State Highway Commission, contends that it has paid to the contractor the sum of $196,901.60 on the compensation due, and that it therefore owed at the time of the final estimate, the sum of $10,246.89 less a proper deduction of $216.29, or the net sum of $10,030.60 of the total amount earned under the contract. It tendered to the appellee contractor its check for this amount duly signed by the State Auditor and Treasurer, but the same was rejected by the contractor on the theory that only $194,813.41 had theretofore been paid on the total amount earned of $207,148.49 and that this left a balance due on the contract of $12,335.08.

The appellee contractor brought this suit in the circuit court for the said sum of $12,335.08, alleged that the contract was in due course duly discharged and performed in strict accordance with the terms and provisions thereof, so as to entitle it to all of its benefits and the compensation as agreed upon therefor. A skeleton of the contract, disclosing its general terms and duly signed by the parties on the date aforesaid, was filed as an exhibit to the declaration, and reference was made therein to the proposal, plans and specifications, and to the details of the work to be done, as being made a part of the contract by specific reference thereto, and with like effect as if each and all of said instruments had been set out fully therein in words and figures.

The defendant, State Highway Commission, filed its answer to the declaration, admitting the execution of the contract as shown by the exhibit to the declaration and the proposal, plans and specifications, and the details of the work to be done, as referred to in said exhibit. The defendant also admitted that the contractor had earned

the said sum of $207,148.49 under the contract, but that the defendant had paid the sum of $196,901.60 of the said amount, leaving a balance of only $10,030.60, which had been tendered to the plaintiff prior to the filing of the suit and which was again tendered in the defendant's answer and was placed in the hands of the clerk of the circuit court for delivery to the plaintiff if and when it should be accepted.

In answer to the allegation of the declaration to the effect that the contract had been in due course duly discharged and performed in strict accord with the terms and provisions thereof so as to entitle the contractor to all of its benefits and the compensation as agreed upon therefor, the defendant alleged "that the plaintiff failed to perform the contract within the number of working days or time agreed therefor in his contract." It appears from the contract that the same was to be performed within 200 working days, and the proof discloses, without any substantial conflict therein, that 289 working days were consumed in the performance of the contract. It was contracted and agreed under Section 8.07 of the contract, captioned "Failure to Complete the Work on Time", that if the contractor fails to complete the work in the time as stipulated in the contract "a deduction of an amount equal to the actual cost incurred by the Department will be made for each and every day that such contract remains incompleted after the time above designated for the completion. This actual cost is hereby agreed upon as liquidated damages for the loss to the Department on account of the necessary expense of maintaining Engineers, Inspectors, and other employees on the work after the expiration of the number of working days as stipulated in the contract. The actual cost of additional engineering expenses will be deducted from any money due the contractor under the contract . . .."

The difference between the amount tendered to the plaintiff before the suit was filed in the sum of $10,030.60,

and the $12,335.08 sued for, represents the actual and identical amounts deducted by the State Highway Commission for engineering costs, etc., in the sum of $2,304.48 from the amount otherwise earned in the sum of $207,148.49. The sums which aggregated the said difference of $2,304.48 were deducted from the estimates, Nos. 12, 13, 14, 15, and 17, inclusive as follows:

Estimate No. 12 was for $9,828, and the check tendered to the contractor in connection with said estimate was for $9,356.04, and to the check for the latter amount there was attached a statement showing the estimate to be $9,828 "Less Deductions, Engineering Expense S/A" in the sum of $471.96, leaving the balance of $9,356.04 as the "net amount due", and the contractor cashed this check;

Estimate No 13 was for $15,152.40, "Less Deductions, Engineering Expense S/A" in the sum of $619.40, leaving a balance of $14,533, for which a check was delivered to and cashed by the contractor and to which was attached the statement showing what the deductions were made for and the amount thereof;

Estimate No. 14 was for $18,339.30, "Less Deductions, Engineering Expense S/A" in the sum of $779.06, leaving a balance of $17,560.24, for which a check was delivered to and cashed by the contractor, to which check there was attached a statement showing what the deductions were made for, and the amount thereof;

Estimate No. 15 was for $2,425.85 "Less Deductions, Engineering Expense S/A" in the sum of $217.77, leaving a net amount due of $2,208.09, for which a check was delivered to and cashed by the contractor, and to which check there was attached a statement showing what the deductions were made for, and the amount thereof;

Estimate No. 16 was for the sum of $1,609.42, and from which no deductions were made in the check for such expense.

Estimate No. 17, which was the final estimate and for which the check was refused as aforesaid, was for $10,246.89 "Less Deductions, Engineering Expense S/A" in the sum of $216.29, leaving the net amount due of $10,030.60.

These deductions aggregate the sum of $2,304.48 and represent the difference between the amount which defendant tendered before the suit and again in its answer, $10,030.60, and the $12,335.08 sued for. These checks and estimates were introduced by agreement as exhibits to the testimony of the plaintiff but subject to objection by the plaintiff as to their relevancy, competency, and materiality under the state of pleadings. But the plaintiff did not on the trial offer any proof to show that he did not consume 289 working days in the performance of the contract, or contend that the deductions were not in the proper amounts if he had consumed 89 working days in excess of the 200 working days of contract time, but merely contended as a matter of mathematics that the project engineer when showing in the estimates the number of working days consumed, in addition to the contract time, showed only 268½ days. However, this was fully explained by the witness, Smallwood, on behalf of the defendant, in that the other 20½ days were accounted for in the fact that from November 11, 1947 to March 10, 1948, wherein not more than $500 was earned per month, no estimate was required to be rendered and that the 20½ days of engineering costs, etc., were due to have been deducted from Estimate No. 7. In other words, it was shown without any substantial conflict in the evidence, that the defendant, State Highway Commission, had paid to the contractor $196,901.60 in the manner aforesaid prior to the 17th and final estimate, and owed to the contractor a balance of only $10,246.89 "Less Deductions, Engineering Expense S/A" of $216.29, leaving a balance of $10,030.60 for which the check was tendered and refused prior to the filing of the suit, and which tender has been kept good.

The "S/A" following the words "Less Deductions, Engineering Expenses" was admitted to mean "Statement Attached", and Mr. Edwin E. Morgan, president of the appellee corporation was asked while testifying for the plaintiff: "You understood, Mr. Morgan, did you, when those estimates (showing deductions for engineering expense on account of delay) were sent to you this was part of the contract that was being carried out? A. Yes, sir. Q. You accepted all estimates other than Estimate No. 17 as final? A. Yes, sir." The statement attached, above referred to, was sent in each instance to the plaintiff along with the estimate and check, the check being in the amount of the estimate, less the deduction called for in the statement attached, as aforesaid, and covered the extra engineering expense on account of more working days being consumed than the contract provided for. In other words, there was a complete accord and satisfaction as to all of these deductions except the deduction of $216.29 made from Estimate No. 17, but which said deduction was shown to be proper under the testimony of Mr. Smallwood showing that 289 working days instead of 200 working days were consumed in the performance of the contract.

But the appellee contends in his brief that the appellant "interposed no defense to the suit either by pleadings or its evidence and the trial court gave a peremptory instruction to the jury to find for the appellee . . . for the sum of $12,335.08, with 6% interest thereon from and after March 19, 1949, until paid." However, the check for the entire balance due in the sum of $10,030.60 was tendered to the plaintiff within three days after the same became due.

The appellee takes the position that the directed verdict in favor of the plaintiff was justified, and that the evidence as to the deduction for engineering costs, and the proof showing that the plaintiff had accepted the checks which had attached thereto the statement show-

ing the reductions was incompetent, because of the state of the pleadings.

Section 1505, Code 1942, provides: "In pleading the performance of conditions precedent, the plaintiff or defendant may aver generally that he duly performed all the conditions on his part; and the opposite party shall not deny such averment generally, but shall specify in his pleading the condition precedent the performance of which he intends to contest."

The plaintiff alleged by a general averment that the contract had been in due course duly discharged and performed in strict accordance with the terms and provisions thereof, and contends that the defendant denied such fact by a general averment.

It is true that the defendant in its answer stated that it "denies that the plaintiff did in due course duly discharge and perform said contract in strict accordance with the terms and provisions thereof", and it is true that this constitutes a general averment. However, the averment did not stop there. It proceeded to state "and defendant would show, if and when it becomes material hereto, that the plaintiff failed to perform the contract within the number of working days or time agreed therefor in said contract." We are of the opinion that this was a specification of the condition precedent, the performance of which he intended to contest. It is also true that Section 2 of Chapter 230, Laws of 1948, provides that the defendant shall answer fully all of the allegations of the declaration, and that all matters of fact therein not denied by the answer otherwise than by the general traverse may be taken at the hearing as admitted. However, we think that this averment in the answer was more than a general traverse. It pointed out the particular wherein the plaintiff had not fully performed the contract. █ █ But Section 3 of this Act provides that "If an answer be deemed insufficient in law a plaintiff may, at such time as the court may allow, test the legal sufficiency of the same, or of any part thereof, by

a motion to strike out. If found insufficient but amendable the court may allow an amendment on just terms . . . .'' It is to be conceded that the answer should have stated how many working days were consumed beyond the contract time and the amount of the cost to the defendant on account of engineering expenses, etc. expended; and the plaintiff would have been entitled to be furnished the particulars in regard thereto if a motion had been made in that behalf.

The answer further states that ''in accordance with the terms and conditions of said contract this delay in the performance of said contract on the part of plaintiff has been adjusted to the satisfaction of the defendant under the express terms and conditions of said contract, and the amount of $207,148.49 is the compensation to which the plaintiff is entitled for performance of the contract under the terms and conditions thereof.''

While more apt language may have been chosen by the defendant to more fully state its position, it is clear that the answer meant that the delay in performance had been adjusted by the deductions from the estimates, as shown by statement attached to each estimate, and which estimates and statements were mailed to the plaintiff along with the checks for the net amount due him on such estimates, respectively, after deducting the engineering expense on account of the delay in the performance; that the answer did not mean that the plaintiff was still entitled to $207,148.49, since it was elsewhere alleged in the answer that the defendant had paid the sum of $196,901.60 of the said amount and owed a balance of only $10,030.60—the amount of the check which was tendered to the plaintiff before the suit was filed and which is now on file with the clerk of the circuit court from which the appeal was taken.

There is no question of set-off or recoupment here involved. The contract which the plaintiff made an exhibit to his declaration expressly provided for the deductions made by the defendant for engineering expense

incurred on account of failure to complete the work within the contract time provided for. The answer of the defendant alleged the failure in that behalf and the undisputed proof established that there was such delay, and showed the amount left owing to the contractor after the deductions on account thereof were made, the said amount being $10,030.60, as alleged in the answer and tendered into court. In other words, the right to make the deductions was not affirmative matter as a special defense, or a set-off or recoupment. The defendant had not contracted to pay the full amount earned but only the said amount after first deducting the engineering expense for time consumed beyond the contract time as per the terms of the contract sued on. The right to make the deductions for this expense on account of the days consumed in excess of the contract time, was vouched for by the plaintiff when the contract containing such a provision was invoked in the suit.

We are of the opinion that since the record fully discloses indisputably from the testimony of Mr. Morgan, president of the plaintiff corporation, and the witness Smallwood for the defendant that the Highway Commission does not owe the contractor any sum whatsoever except the amount of the tender, we would not be justified in affirming the directed verdict in favor of the plaintiff for $12,335.08 merely on the technical ground that the defendant's answer should have, in addition to raising the specific defense, gone more in detail by giving the number of working days consumed above the contract period. The defendant, instead of the plaintiff, was in our opinion clearly entitled to a directed verdict in its favor.

The cause will therefore be reversed and judgment rendered here for the appellant, State Highway Commission, but without prejudice to the right of the appellee to receive and cash the check of $10,030.60 now on file

354

with the clerk of the trial court as tendered in full settlement of the balance due.

Reversed and judgment here for the appellant.

**Kyle, J.,** took no part in this decision.